**WO** MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Laura L. Medley,  )   No. CV 11-526-PHX-GMS (DKD)
)
    Plaintiff,  )   **ORDER**
)
vs.  )
)
CO II Rubio,  )
)
    Defendant.  )
)

On March 21, 2011, Plaintiff Laura L. Medley, who is confined in the Arizona State Prison Complex-Perryville in Goodyear, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 3).

**I.   "Three Strikes Provision" of 28 U.S.C. § 1915(g).**

A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the

district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120.

At least three of Plaintiff's prior lawsuits qualify as "strikes" under § 1915(g):

(1) Medley v. Maricopa County Superior Court, 01-CV-2130-PHX-MHM (DKD) (Nov. 21, 2001 Order dismissing for failure to state a claim);

(2) Medley v. Arpaio, 08-CV-101-PHX-MHM (DKD) (Feb. 21, 2008 Order dismissing for failure to state a claim); and

(3) Medley v. Overton, 08-CV-590-PHX-MHM (DKD) (May 8, 2008 Order dismissing for failure to state a claim).[1]

Therefore, Plaintiff may not bring a civil action without complete prepayment of the $350.00 filing fee unless she is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## II.   Imminent Danger

A plaintiff who has three or more strikes may not bring a civil action without complete prepayment of the $350.00 filing fee unless she is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To meet the "imminent danger" requirement, the "threat or prison condition [must be] real and proximate," Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (quoting Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be "specific or credible." Kinnell v. Graves, 265 F.3d 1125, 1128 (10th Cir. 2001).

Plaintiff does not allege that she is in imminent danger of serious physical injury and her allegations do not support such a finding. Thus, the Court will deny the Application to Proceed and will dismiss without prejudice Plaintiff's Complaint and this action, pursuant

---

[1] The Court identified these strikes in a November 5, 2010 Order to Show Cause in Medley v. Arizona, 10-CV-1971-PHX-MHM (DKD). In the Order to Show Cause, the Court gave Plaintiff 30 days to show cause why the dismissals of her prior lawsuits should not prevent her from proceeding *in forma pauperis*. Plaintiff did not respond to the Order to Show Cause.

- 2 -

1 to 28 U.S.C. § 1915(g).  If Plaintiff wishes to reassert these claims in the future, she must *prepay* the **entire** $350.00 filing fee when she files her action.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 3) is **denied**.

(2) Plaintiff's Complaint (Doc. 1) and this action are **dismissed without prejudice**, pursuant to 28 U.S.C. § 1915(g).  If Plaintiff wishes to reassert these claims in the future, she must prepay the entire $350.00 filing fee when she files his action.

(3) The Clerk of Court must enter judgment accordingly and close this case.

DATED this 22nd day of March, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge